# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID C. STEWART,**
        **Petitioner,**

     v.                                            **Case No. 07C0966**

**PAMELA WALLACE,**
        **Respondent.**

## DECISION AND ORDER

David C. Stewart filed this petition pursuant to 28 U.S.C. § 2254. He challenges his 2003 state court conviction on one count of child abuse and one count of sexual assault of a child, and the resulting sentences of three years and fifteen years consecutively. Petitioner is currently incarcerated at the Stanley Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

I first note that the petition is filled with legal argument but somewhat lacking in a description of the factual basis for each of the grounds petitioner asserts. However, from careful reading of the petition, I have gleaned several different grounds for relief claimed by petitioner. First, he asserts that the criminal complaint was insufficient. Second, he asserts that the prosecution failed to disclose exculpatory evidence, namely that a witness for the

1

state lied to police. Third, he claims that his trial counsel was ineffective for several reasons: failure to challenge the sufficiency of the complaint, failure to file a motion to suppress evidence illegally obtained or to file any motions meaningfully testing the state's evidence, failure to investigate impeachment evidence, failure to investigate defenses such as mental competency, and failure to ensure petitioner understood all aspects of the plea process. Fourth, he asserts that he did not knowingly and voluntarily enter into the plea agreement, based on several grounds: he did not fully understand the constitutional rights he would be waving, he did not understand the elements of the crime to which he pled, he did not understand that the judge would deviate from the agreement as it related to bond, and he was given inaccurate information regarding the potential maximum sentence he would have faced. Fifth, he asserts that appellate counsel was ineffective for failing to raise any arguments in his defense, such as his mental competency. Sixth, he asserts that the judge failed to comply with state law regarding parental visitation. Finally, petitioner appears to assert a claim related to treatment, or lack thereof, of a medical condition.

Petitioner's first claim, that the complaint and evidence against him were insufficient because the complaint charging sexual assault of a child stated that the alleged victim was nine years old, when she was only seven years old, does not rise to the level of a constitutional violation. The complaint still sufficiently charged the crime and gave petitioner adequate notice of the charges. See Knewel v. Egan, 268 U.S. 442, 446 (1925); Tague v. Richards, 3 F.3d 1133, 1141 (7th Cir. 1993); U. S. ex rel. O'Neill v. Burke, 379 F.2d 656, 659 (7th Cir. 1967).

Petitioner's second through fifth grounds for relief set forth above raise colorable constitutional issues. A criminal defendant has a constitutional right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52, 58

2

(1985). This right extends to direct appeal, Evitts v. Lucey, 469 U.S. 387 (1985). Additionally, failure of the prosecution to disclose potentially exculpatory evidence to the defense can be a due process violation. Brady v. Maryland, 373 U.S. 83, 87 (1963). Finally, a plea must be knowing, voluntary and intelligent to be constitutionally valid. Brady v. United States, 397 U.S. 742, 748 (1970). Thus, petitioner may proceed on these claims.

Lastly, petitioner's claims related to parental visitation and medical treatment are not proper claims in a federal habeas petition. Both relate to conditions of confinement, rather than the fact or duration of confinement, and therefore are more appropriately brought under 42 U.S.C. § 1983. Additionally, the claim related to parental visitation merely alleges a violation of state law, which is not cognizable in a federal habeas petition.

**Therefore,**

**IT IS ORDERED** that David C. Stewart's petition for a writ of habeas corpus is permitted to proceed in accordance with this order.

**IT IS FURTHER ORDERED** that petitioner's claim related to sufficiency of the complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's claims related to parental visitation and medical treatment are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent

shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 2 day of February, 2008.

/s
LYNN ADELMAN
District Judge

4
Case 2:07-cv-00966-LA   Filed 02/04/08   Page 4 of 4   Document 5